UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESH & BEST PRODUCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>OAKTOWN VENTURES, LLC, RICHARD HACKETT,<br><br>Defendants. | Case No. 16-cv-06991 NC<br><br>**REPORT AND RECOMMENDATION TO GRANT MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT OAKTOWN VENTURES, LLC ONLY, AND TO DENY DEFAULT JUDGMENT AGAINST DEFENDANT HACKETT, AND REQUEST FOR REASSIGNMENT**<br><br>Re: Dkt. No. 14 |

Plaintiff Fresh & Best Produce, Inc. moves for default judgment against Oaktown Ventures, LLC and Richard Hackett in his personal capacity to recover unpaid sums for fruits and vegetables sold. Dkt. No. 14. Fresh & Best alleges various violations of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §§ 499a-499t, as well as breach of contract and breach of fiduciary duty under California law. Based on Oaktown's failure to defend itself against the motion, the Court finds default judgment against Oaktown is proper. Because the Court finds that Fresh & Best has not shown the Court has personal jurisdiction over defendant Hackett, the Court does not recommend entering judgment against Hackett, and does not consider the claim against him.

The Court RECOMMENDS that as to Oaktown only, Fresh & Best is entitled to

Case No. 16-cv-06991 NC

$29,353.46 in unpaid principal and prejudgment interest. The Court further RECOMMENDS the district court grant $1,199.00 in attorneys' fees and $620.00 in costs. The Court ORDERS this case be reassigned to a district court judge.

## I. BACKGROUND

In or around 2015, Fresh & Best began selling produce in the form of fruits and vegetables to Oaktown. Dkt. No. 1 at 2. Oaktown does business as Jack's Oyster Bar and Fish House. *Id*. The amount of produce purchased by Oaktown totaled over $100,000.00 in value. *Id*. According to Fresh & Best, Oaktown "ordered and accepted Produce from Plaintiff, but Oaktown failed to pay all of the invoices related to these orders." *Id*. The most recent payment dated October 2016 "did not clear the bank after two attempts." *Id*. Oaktown has not paid the balance due of $27,055.06,[1] "despite numerous requests for payment." *Id*. Fresh & Best alleges that Oaktown closed Jack's Oyster Bar and Fish House "in late 2016." *Id*. at 2-3.

Fresh & Best filed a complaint on December 6, 2016, alleging 6 claims, four under the PACA, and two under California contract law. Dkt. No. 1. The clerk of the court entered default against Oaktown and Hackett on January 27, 2017. Dkt. No. 12. Fresh & Best filed a motion for default judgment on March 8, 2017, against both defendants. Dkt. No. 14. Fresh & Best consented to the jurisdiction of a magistrate judge, but neither defendant consented nor declined the Court's jurisdiction. Dkt. No. 10.

## II. LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a). After entry of default, the Court has discretion to grant default judgment on the merits of the case. Fed. R. Civ. P. 55(b); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to grant default judgment, the Court considers the following factors:

---

[1] A second declaration by Chong Suk Cho, owner of Fresh & Best, amended the unpaid principal amount to $27,055.06. Dkt. No. 18. This amount is consistent with a statement prepared by Cho detailing the amount owed by Oaktown. Dkt. No. 14-2 at 4.

Case No. 16-cv-06991 NC     2

(1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The factual allegations of the complaint, except those concerning damages, are deemed admitted by the non-responding parties. *Shanghai Automation Instrument*, 194 F. Supp. 2d at 995; *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true").

## III. DISCUSSION

### A. Jurisdiction and Service of Process

When presented with a motion for default judgment, the Court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Also, the Court may only enter default judgment against a minor or incompetent person if represented by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b)(2).

Here, federal jurisdiction is proper because claims in this case arise under PACA, a federal statute. 28 U.S.C. § 1331. The Court may also exercise supplemental jurisdiction over the state law contract claims, which arise from the same factual allegations as the PACA claims. 28 U.S.C. § 1367(a).

The Court has personal jurisdiction over defendant Oaktown, as it is a limited liability company with its principal place of business in Oakland, California. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

As to defendant Hackett, the inquiry is complicated. Traditional bases for conferring a court personal jurisdiction include a defendant's consent to jurisdiction, personal service of the defendant within the forum state, or a defendant's citizenship or domicile in the forum state. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880

Case No. 16-cv-06991 NC 3

(2011). Here, in a supplemental declaration, Fresh & Best states Hackett "lives and works in or around Oakland, California." Dkt. No. 21 at 2. Fresh & Best did not allege Hackett was *domiciled* in Oakland. Even with the Court's order to show cause ordering proof of the Court's personal jurisdiction over Hackett, Fresh & Best still provided no legal basis for exerting personal jurisdiction over Hackett under these traditional bases or otherwise.

Absent one of the traditional bases for jurisdiction, the Due Process Clause requires that the defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted). "The defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

A court may exercise general or specific jurisdiction over a nonresident defendant. *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995). General jurisdiction exists where a nonresident defendant's activities in the state are "continuous and systematic" so those contacts approximate physical presence in the forum state. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). To determine whether a nonresident defendant's contacts are sufficiently substantial or continuous and systematic, a court must consider their "longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011) (citations and internal quotation marks omitted).

In determining whether the exercise of personal jurisdiction over a nonresident defendant is proper, a district court must apply the law of the state in which it sits where, as here, there is no applicable federal statute governing personal jurisdiction. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). District courts in California may exercise personal jurisdiction over a nonresident defendant to the extent permitted by

Case No. 16-cv-06991 NC 4

the Due Process Clause of the Constitution. Cal. Civ. Proc. Code § 410.10. Yet "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

There are no allegations in the complaint or in the supplemental declaration filed by Fresh & Best's counsel that support a finding of specific personal jurisdiction, because even if Hackett was a board member of Oaktown, the complaint is devoid of allegations suggesting he entered into any contract with Fresh & Best.

The issue is a closer call with respect to general personal jurisdiction. Fresh & Best provides the following assertions in a declaration filed with the Court: that Hackett "lives and works in Oakland, California and owns real property there;" the website for Jack's Oyster Bar, a dba of Oaktown currently lists Hackett as "Chef Owner;" and the website for an Oakland restaurant named Bocanova lists Hackett as chef and owner. Dkt. No. 21 at 2-3. In addition, Fresh & Best produced a June 2013 Statement of Information filed for Oaktown with the California Secretary of State listing Hackett as Chief Executive Officer and Manager, and listing an Oakland address. *Id*. at 28. A February 2014 Statement of Information filed for Bocanova, LLC lists Hackett as Chief Executive Officer of Bocanova, LLC, and lists an Oakland address for Hackett. *Id*. at 30. These allegations and the publicly filed Statements of Information are insufficient for the Court to find general personal jurisdiction over Hackett, particularly in light of the fact that the records Fresh & Best provided the Court are insufficiently probative of the "continuity" of Hackett's economic contacts with California. *Mavrix Photo*, 647 F.3d at 1224. While it may very well be that Hackett is "domiciled" in Oakland, it is Fresh & Best's burden to establish the Court has personal jurisdiction over Hackett. No allegations in this regard were made in the complaint or in the motion for default judgment or supplemental filing. Indeed, the Court explicitly ordered Fresh & Best to show the Court it had personal jurisdiction over Hackett. Dkt. No. 20. It failed to do so. The Court will not consider the claim against Hackett.

Case No. 16-cv-06991 NC    5

Oaktown and Hackett were both served with a summons and the complaint. Fed. R. Civ. P. 4; Dkt. Nos. 8, 9. Hackett was not served personally, his "co-occupant" was served. Dkt. No. 9-1 at 1. Thus, the Court finds it has subject matter jurisdiction, venue is proper, service was proper, and that it has personal jurisdiction over Oaktown only.

**B. Default Judgment**

**1. Merits and Sufficiency of the Complaint**

In deciding whether to grant default judgment, the Court must examine the merits of Fresh & Best's substantive claims and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471-72. At this stage, the Court takes "the well-pleaded factual allegations" in the complaint as true; however, the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of No. America*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**a. PACA Claims**

Claims 1 through 4 allege violations of PACA against Oaktown. Claim 1 requests declaratory relief from the Court validating the PACA trust (7 U.S.C. § 499e(c)(3) and (4)), claim 2 requests enforcement of payments from PACA trust assets (7 U.S.C. § 499e(c)(5)), claim 3 alleges a violation of PACA for failure to maintain the trust assets and create a common fund (7 U.S.C. § 499b(4)), and claim 4 alleges that defendants failed to promptly pay money owed to sellers (7 U.S.C. § 499b(4)). Dkt. No. 1.

"PACA protects sellers of perishable agricultural goods by requiring a merchant, dealer, or retailer of perishable produce to hold in trust proceeds from the sale of the perishable produce, and food derived from that produce, for the benefit of all unpaid suppliers." *Fresh Packing Corp. v. Guicho*, No. 15-cv-01551 LHK, 2016 WL 1365947, at *7 (N.D. Cal. Apr. 6, 2016) (citing 7 U.S.C. § 499e(c)(2) and *Royal Foods Co. v. RJR Holdings, Inc.*, 252 F.3d 1102, 1104-05 (9th Cir. 2001)). "PACA provides for the establishment of a statutory trust 'in which a produce dealer holds produce-related assets

Case No. 16-cv-06991 NC 6

as a fiduciary until full payment is made to the produce seller or producer.'" *Church Bros. LLC v. Garden of Eden Produce, LLC*, No. 11-cv-04114 EJD, 2012 WL 1155656 at *3 (N.D. Cal. Apr. 5, 2012) (quoting *In re San Joaquin Food Serv., Inc.*, 958 F.2d 938, 939 (9th Cir. 1992)). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." *In re San Joaquin*, 958 F.2d at 939 (quoting *C & E Enters., Inc. v. Milton Poulos, Inc.* (*In re Milton Poulos, Inc.*), 947 F.2d 1351, 1352 (9th Cir. 1991) (per curiam) and citing 7 U.S.C. § 499e(c)(2)).

To impose liability for violations of PACA, a plaintiff must show that:

> (1) the commodities sold were perishable agricultural commodities, (2) the purchaser was a commission merchant, dealer, or broker, (3) the transaction occurred in contemplation of interstate or foreign commerce, (4) the seller has not received full payment on the transaction, and (5) the seller preserved its trust rights by including statutory language referencing the trust on its invoices.

*Beachside Produce, LLC v. Flemming Enters., LLC*, 2007 WL 1655554, at *2 (N.D. Cal. June 6, 2007) (citing 7 U.S.C. § 499e(c)(3), (4); 7 C.F.R. § 46.46(c), (f)).

Fresh & Best has alleged facts sufficient for the Court to find liability under PACA. First, Fresh & Best alleges it sold Oaktown "perishable agricultural commodities," namely, "various types of fruits and vegetables." *Id.*; Dkt. No. 1 at 2. Second, Fresh & Best alleges Oaktown accepted produce from Fresh & Best, and that it was a "dealer operating subject to the provisions of the PACA." *Beachside Produce*, 2007 WL 1655554, at *2; Dkt. No. 1 at 2. Third, Fresh & Best alleges it sold produce to Oaktown "in interstate commerce." *Beachside Produce*, 2007 WL 1655554, at *2; Dkt. No. 1 at 2. Fourth, Fresh & Best alleges that "[a]s of November 30, 2016, Oaktown failed to pay the principal balance due of $27,053.06." *Beachside Produce*, 2007 WL 1655554, at *2; Dkt. No. 1 at 2. Lastly, Fresh & Best alleges it "gave written notice of its intent to preserve trust benefits to Oaktown in accordance with PACA requirements by including trust language . . . on invoices it has sent to Oaktown." *Beachside Produce*, 2007 WL 1655554, at *2; Dkt. No. 1 at 3. In Exhibit B to the declaration of Chong Suk Cho, the owner of Fresh &

Case No. 16-cv-06991 NC         7

Best, is an invoice to Jack's Oyster Bar dated October 20, 2016. Dkt. No. 14-2 at 6. That declaration contains the following language: "[t]he perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(c)). The seller of these commodities retains a trust claim over these commodities . . . ." *Id.*

Thus, the Court finds Fresh & Best has sufficiently stated its claims for relief under the PACA against Oaktown.

### b. Breach of Contract

Under California law, the elements of breach of contract are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968). Fresh & Best stated a claim for breach of contract against Oaktown. First, Fresh & Best alleges facts and presents evidence of multiple contracts for fruits and vegetables with Oaktown. Dkt. No. 1 at 2; dkt. no. 14-2 at 4. Second, Fresh & Best alleges that it performed on those contracts by producing goods, but Oaktown did not satisfy its debts by paying for each shipment of produce. Dkt. No. 1 at 5. Lastly, Fresh & Best alleges damages in the amount of $27,055.06 by Oaktown's nonperformance on the contracts because Fresh & Best has not been paid for its goods. *Id.*

### C. Remaining *Eitel* Factors

After considering the sufficiency and merits of the complaint, the Court must also consider the sum of money at stake in the action, possibility of prejudice to the plaintiff, the possibility of a dispute concerning material facts, whether the default was due to excusable neglect, and the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

First, the Court considers the sum of money at stake. Generally, courts are hesitant to enter default judgments where large amounts of money are at stake. *Manuel v. Thomas*, 967 F.2d 588 (9th Cir. 1992) (finding that $4,405,000 award was too large to enter default judgment). Here, Fresh & Best requests $27,055.06, plus prejudgment interest from the

Case No. 16-cv-06991 NC          8

date each invoice became past due, in addition to attorneys' fees and costs. This factor weighs in favor of Fresh & Best.

Second, if default judgment is not entered against Oaktown, Fresh & Best would be prejudiced, as it filed a case against Oaktown, and Oaktown has not participated in these proceedings. Fresh & Best would have no recourse to recover the funds owed to it by Oaktown for the goods provided.

Third, there is a possibility of a material dispute.

Fourth, it is unlikely that default was the result of excusable neglect. Fresh & Best filed this case on December 6, 2016. Oaktown failed to respond to Fresh & Best's complaint, which it was served with. Dkt. No. 8. It does not appear as though Fresh & Best served Oaktown with the motion for default judgment. However, under Federal Rule of Civil Procedure 55, such notice is not required under the circumstances. Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing"); *Wilson v. Moore & Assocs., Inc.*, 564 F.2d 366, 368 (9th Cir. 1977) ("No party in default is entitled to 55(b)(2) notice unless he has 'appeared' in the action").

Furthermore, Fresh & Best's counsel declared that she spoke with Hackett's attorney after the default was entered, but it is unclear if that attorney represented Hackett in this lawsuit. Dkt. No. 14-1. The attorney did not represent Oaktown. *Id*. Fresh & Best's attorney informed Hackett's attorney of the motion for default judgment. *Id*. Thus, the Court is persuaded that the default was not the result of excusable neglect.

Finally, although federal policy generally favors decisions on the merits, Federal Rule of Civil Procedure 55(b) permits entry of default judgment in situations where the defendant refuses to litigate.

Considering all of the *Eitel* factors, the Court concludes that an entry of default judgment against Oaktown is appropriate in this case.

**D. Damages**

While the Court accepts the well-pled allegations in the complaint as true at the default judgment stage, the Court has discretion to award damages as appropriate. *Geddes*, 559 F.2d at 560. Fresh & Best requests $27,055.06, plus prejudgment interest. In addition, Fresh & Best requests an award of $1,199.00 in attorneys' fees and $620.00 in costs.

**A. Principal Unpaid Balance**

A dealer violating PACA's provisions is "liable to the person or persons injured thereby for the full amount of damages . . . sustained in consequence of such violation." 7 U.S.C. § 499e(a). Furthermore, individuals may be held liable under a PACA trust theory. *Fresh Packing Corp.*, 2016 WL 1365947, at *7. Fresh & Best argues defendants owe the principal sum of $27,055.06. In support, Fresh & Best submitted the declaration of owner, Chong Suk Cho, along with a statement summarizing outstanding invoices and payments, showing the total amount due per invoice sent and the remaining unpaid balance from September 10, 2016 to November 30, 2016. Dkt. No. 14-2. Cho declares that as of November 30, 2016, there is an unpaid balance of $27,055.06. Dkt. No. 18 at 2. The Court reviewed Cho's statement and finds it sufficient to ascertain the amount of damages owed to Fresh & Best: $27,055.06.

**B. Prejudgment Interest**

A plaintiff may collect prejudgment interest "if supported by a contractual right; otherwise, the court retains discretion to award reasonable prejudgment interest if such an award promotes the interests of PACA claimants." *Church Bros., LLC*, 2012 WL 1155656, at *3 (citing *Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1225-26 (9th Cir. 2002)). Fresh & Best seeks an award of interest based on contracts created by invoices sent to defendants. Dkt. No. 1 at 5-6. Those invoices, as shown by a sample invoice submitted with Cho's declaration shows, provide: "Terms: Per agreed credit terms a service charge of 1 1/2% per month at the annual percentage rate of 18% will be charged on all accounts not paid within thirty (30) days." Dkt. No. 14-2 at 6.

According to Fresh & Best, interest on the outstanding principal balance accrues at

Case No. 16-cv-06991 NC  10

$13.34 per day. *Id.* at 2. The Court's calculations are slightly different, and came out to an interest rate of $13.52 per day ($27,055.06 x 0.015/30). From November 30, 2016 to today, 170 days have passed.

Therefore, this court concludes that Fresh & Best is entitled to prejudgment interest of $2,298.40 (170 days x $13.52) through today, May 19, 2017.

### C. Attorneys' Fees and Costs

Fresh & Best is entitled to recover attorneys' fees and costs based on the same contract created by the invoices. *Church Bros., LLC*, 2012 WL 1155656, at *3. Here, the submitted sample invoice states: "Buyer agrees to pay reasonable attorney fees and court costs if collection is necessary." Dkt. No. 14-2 at 6. This court finds that language sufficient to support a claim for fees and costs as to Oaktown. *Id.*; *Fresh & Best Produce, Inc. v. Spinello's E. Coast Eatery*, No. 16-cv-06984 HRL, 2017 WL 1435888, at *5, n.3 (N.D. Cal. Apr. 24, 2017) (report and recommendation to district court judge with the same plaintiff and identical contract language).

As to the amount of attorneys' fees, district courts calculate awards for attorneys' fees using the lodestar method, which is calculated by multiplying the number of hours a prevailing party "reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001)). While the amount calculated under this method is "presumptively" reasonable, a court may adjust the fee to account for other factors. *Id.* Affidavits by plaintiffs' attorney "regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Here, Fresh & Best seeks attorneys' fees for work performed by attorney Susan Bishop, who charged $380 per hour in 2016 and $390 per hour in 2017. *See* Dkt. No. 14-1 at 4-5. In a supplemental declaration, Bishop states she has been practicing law for over 20 years, focusing on business litigation, and currently is a partner at the Berliner Cohen

Case No. 16-cv-06991 NC  11

law firm. Dkt. No. 21 at 1. Bishop notes that her $380/hour rate has been approved in this district. *Chong's Produce, Inc. v. Pushpak Restaurants, Inc.*, No. 15-cv-04923 BLF, 2017 WL 976040 (N.D. Cal., Mar. 14, 2017); *Fresh & Best Produce, Inc. v. Spinello's E. Coast Eatery*, No. 16-cv-06984 EJD (HRL), dkt. no. 24 (May 17, 2017, order adopting magistrate judge Howard R. Lloyd's report and recommendation approving rates of $380 and $390 per hour for attorney Bishop's work in a PACA default judgment). Accordingly, this court finds that Bishop's $380 and $390 hourly rates are reasonable.

Furthermore, the Court finds the time spent by attorney Bishop was reasonably incurred, and that Fresh & Best's request for reimbursement of costs is also supported by the record. Fresh & Best is entitled to $1,199.00 in attorney's fees and $620.00 in costs as to Oaktown.

## IV. CONCLUSION

Because not all parties consented to magistrate judge jurisdiction, the Court ORDERS this case be reassigned to a district court judge. The Court RECOMMENDS that Fresh & Best's motion for default judgment be granted against Oaktown only, and that it be awarded:

- $27,055.06 in unpaid principal balance, plus $2,298.40 in prejudgment interest, for a total of $29,353.46; and
- $1,199.00 in attorney's fees and $620.00 in costs, for a total of $1,819.00.
- In total, Oaktown is entitled to $31,172.46.

Any party may serve and file objections to this Report and Recommendation, but must do so within 14 days. Fed. R. Civ. P. 72(b). The Court ORDERS Fresh & Best to serve defendant Oaktown with this order, and to file a certificate of service with the Court.

**IT IS SO ORDERED.**

Dated: May 19, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-06991 NC            12