**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FRESH & BEST PRODUCE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>OAKTOWN VENTURES, LLC dba JACK'S OYSTER BAR AND FISH HOUSE, and RICHARD HACKETT aka RICK HACKETT,<br><br>    Defendants. | Case No. 16-cv-06991-BLF<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT OAKTOWN VENTURES, LLC ONLY, AND TO DENY DEFAULT JUDGMENT AGAINST DEFENDANT HACKETT**<br><br>[Re: ECF 14, 22] |

Before the Court is Magistrate Judge Nathanael M. Cousins' Report and Recommendation ("R&R"), which addresses Plaintiff Fresh & Best Produce, Inc.'s motion for default judgment against Defendants Oaktown Ventures, LLC ("Oaktown") and Richard Hackett ("Hackett"). *See* R&R, ECF 22; Motion for Default Judgment, ECF 14. Plaintiff claims that Oaktown, which was doing business as Jack's Oyster Bar and Fish House, ordered and accepted produce from Plaintiff but failed to pay invoices due and owning in excess of $27,000. Compl. ¶¶ 2, 7-10, ECF 1. Plaintiff moves for default judgment against Oaktown and its managing member, Hackett, on its claims that Oaktown is liable for breach of contract and violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a-499t, and that Hackett is liable under PACA for breach of fiduciary duties to trust beneficiaries. Compl., ECF 1; Motion for Default Judgment, ECF 14. The R&R recommends that the motion be granted as to Oaktown but denied as to Hackett on the basis that Plaintiff has not established this Court's personal jurisdiction over Hackett.

Plaintiff , which was served with the R&R on May 19, 2017 via the Court's Electronic Case Filing System, was required to file any objection to the R&R by June 2, 2017. *See* Fed. R. Civ. P. 72(b)(2) (deadline for objection is fourteen days after being served with report and recommendation). Plaintiff filed an untimely objection on June 5, 2017, asserting two errors in the R&R. Pl.'s Obj., ECF 25. First, Plaintiff points out an apparent clerical error in a portion of the R&R concluding that "Oaktown" – rather than Plaintiff – is entitled to default judgment in the amount of $31,172.46. Plaintiff requests that this Court rule that *Plaintiff* is entitled to default judgment in the amount of $31,172.46. Second, Plaintiff disputes the R&R's conclusion that Plaintiff has failed to establish personal jurisdiction over Hackett. Because it perceives no prejudice to any party in doing so, the Court exercises its discretion to consider Plaintiff's untimely objection on the merits. The Court therefore reviews *de novo* both arguments raised by Plaintiff. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Plaintiff served Defendants Oaktown and Hackett with copies of the R&R by mail on June 7, 2017. However, the Court need not wait for expiration of the fourteen-day period for objection following service on Defendants, because Defendants are not entitled to present argument unless and until they obtain relief from the Clerk's entry of default. *See* Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* ¶ 6:6 (2017 ed.) ("Entry of default cuts off the defendant's right to appear in the action. The court clerk cannot accept any papers from the defendant other than a motion for relief from the default."); ¶ 6:42 ("Entry of a defendant's default cuts off his or her right to appear in the action or to present evidence.").

The Court concludes that the R&R is well-founded in fact and law with the exception of the clerical error noted by Plaintiff. With respect to Oaktown, the Court agrees with Judge Cousins' determinations regarding the existence of subject matter jurisdiction and personal jurisdiction; analysis of the factors governing default judgment set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986); and finding that Plaintiff is entitled to default judgment in the total amount of $31,172.46.

With respect to Hackett, the Court agrees with Judge Cousins' determination that Plaintiff

has not established the existence of personal jurisdiction. Plaintiff challenges that determination, arguing that "[d]omicile has been established." Pl.'s Obj. at 1, ECF 25. The Court has reviewed Plaintiff's evidence of domicile *de novo* as required by Federal Rule of Civil Procedure 72(b)(3). Plaintiff relies on the declarations of one of its owners, Chong Suk Cho, and its attorney, Susan Bishop. Cho's declaration contains no information relevant to Hackett's domicile: Cho refers generally to prior conversations with Hackett, states that Hackett has avoided Cho's telephone calls for several months, and asserts that Hackett signed a check on an Oaktown account which was returned for insufficient funds. Second Decl. of Chong Suk Cho, ECF 18. Counsel's declaration does contain statements relevant to Hackett's domicile, for example, that Hackett "lives and works in or around Oakland, California." Bishop Decl. ¶ 11. Evidence that Hackett lives in or around Oakland would be evidence of domicile. However, counsel's declaration does not contain facts establishing her personal knowledge regarding Hackett's residence. Counsel bases her statements on public filings which she asserts provide Oakland addresses for Hackett. *Id.* ¶¶ 14-16 and Exhs. D-E. While the filings in question do list two different Oakland addresses for Hackett, those addresses are the addresses of two companies for which Hackett is listed as the Chief Executive Officer, Oaktown and Bocanova, LLC. *Id.* The filings do not suggest that either of the two Oakland addresses is Hackett's residence, nor do they provide any other information regarding Hackett's domicile. Counsel's statement that a website listed Hackett as the "Chef Owner" of Jack's Oyster Bar in Oakland, California likewise does not establish that Hackett is domiciled in California.

Plaintiff requests that in the event the Court concludes that Hackett's domicile has not been established, the Court grant Plaintiff additional time to effect service of process on Hackett personally while he is in California as a means of establishing this Court's personal jurisdiction over him. *See Burnham v. Superior Court*, 495 U.S. 604, 628 (1990) (California courts may exercise personal jurisdiction over a defendant based service of process on the defendant while the defendant is present in the state). That request is granted.

Accordingly, the Court ADOPTS the R&R, with the exception of the clerical error discussed above, and ORDERS as follows:

(1) Plaintiff's motion for default judgment is GRANTED as to Defendant Oaktown.

(2) Plaintiff is entitled to default judgment against Defendant Oaktown in the total amount of $31,172.46, comprising $27,055.06 in unpaid principal balance, $2,298.40 in prejudgment interest, $1,199.00 in attorneys' fees, and $620.00 in costs.

(3) Plaintiff's motion for default judgment is DENIED WITHOUT PREJUDICE as to Defendant Hackett.

(4) Plaintiff's request for an extension of time to effect service of process on Defendant Hackett personally while he is present in the state of California is granted. Plaintiff shall file a certificate of service or a status update regarding service on or before September 15, 2017.

**IT IS SO ORDERED.**

Dated: June 12, 2017

_____
BETH LABSON FREEMAN
United States District Judge